UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERYLAN MARQUEZ-ORTIZ,

                      Plaintiff,

          -against-

JOHN/JANE DOE,

                    Defendant.

20-CV-5793 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff, currently detained at the Metropolitan Detention Center, brings this *pro se*
action, alleging that he was injured while detained at the Metropolitan Correctional Center. The
Court construes the complaint as arising under the Federal Tort Claims Act (FTCA), 28 U.S.C.
§§ 2671-2680. By order dated September 14, 2020, the Court granted Plaintiff's request to
proceed without prepayment of fees, that is, *in forma pauperis*.[1]

**DISCUSSION**

**A.     Rule 21 of the Federal Rules of Civil Procedure**

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion,
"may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield
Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts
discretion to shape litigation in the interests of efficiency and justice.").

The proper defendant in an FTCA action is the United States. 28 U.S.C. § 2674; *Castro v.
United States*, 34 F.3d 106, 110 (2d Cir. 1994). In light of Plaintiff's *pro se* status and clear
intention to name the United States as a defendant, the Court directs the Clerk of Court, under

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Fed. R. Civ. P. 21, to substitute as the defendant the United States of America for "John/Jane Doe."

**B.       Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the United States through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") as to the United States. The Clerk of Court is also instructed to mark the box on the USM-285 form labeled "Check for service on U.S.A." The Clerk of Court is further instructed to issue a summons for the United States of America and deliver to the

Marshals Service all of the paperwork necessary for the Marshals Service to effect service on this defendant. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court, under Fed. R. Civ. P. 21, is directed to substitute as the defendant the United States of America for "John/Jane Doe."

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for United States of America and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   October 5, 2020
         New York, New York

J. PAUL OETKEN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

United States Attorney General, Southern District of New York
Civil Division
86 Chambers Street, Third Floor
New York, New York 10007

Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-2000