UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERYLAN MARQUEZ-ORTIZ,
                              Plaintiff,

              -v-

UNITED STATES OF AMERICA,
                              Defendant.

20-CV-5793 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

        Plaintiff's request for an extension of time to respond to the Government's motion to

dismiss is granted.  Plaintiff's original deadline for responding to the motion was January 4,

2021, four weeks after service of the motion.  (Dkt. No. 16.)  In light of the circumstances

described in Plaintiff's letter dated December 28, 2020, the deadline is extended to February 26,

2021.  (Dkt. No. 17.)

        Plaintiff's request for the Court to seek *pro bono* counsel on his behalf is denied, though

Plaintiff may renew the request if his case proceeds to a more advanced stage of litigation.  The

courts have "broad discretion" when deciding whether to grant a litigant's request for *pro bono*

representation.  *Medina v. Napoli*, 554 F. App'x 65, 66 (2d Cir. 2014) (quoting *Hodge v. Police

Officers*, 802 F.2d 58, 60 (2d Cir. 1986)).  In *Hodge*, the Second Circuit set forth the factors a

court should consider in deciding whether to grant an indigent *pro se* plaintiff's request for *pro

bono* counsel.  802 F.2d at 61–62.  At the threshold, a court must determine that the plaintiff's

claim "seems likely to be of substance" and that the plaintiff is indigent.  *Id.*  Requests for

appointment of *pro bono* counsel must be made judiciously in order to preserve the "precious

commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance.

*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

1

At this early stage of litigation, the Court cannot evaluate whether Plaintiff's claims are likely to be of substance.  First, the Government's motion to dismiss challenges the timing of Plaintiff's complaint, rather than content of his claims.  Second, a request to appoint counsel is often delayed until the plaintiff's case survives a dispositive motion by the defendants.  While the Court should not *automatically* deny a plaintiff's request in the interim, this case is still in its infancy, and the Court perceives little to no risk that Plaintiff, without the assistance of counsel, will be unable to recount his efforts to file the complaint.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997) (expressing concern over "arguably meritorious case[s] that may fail to survive a dispositive motion because of an inadequate presentation of the facts").  Appointment of counsel is not yet appropriate.  Plaintiff's application for the Court to request *pro bono* counsel is denied without prejudice.  Plaintiff may resubmit his application when the Court is better able to evaluate the substance of his claims.

In conclusion, Plaintiff's deadline for responding to the motion to dismiss is extended to February 26, 2021, and his application for the Court to seek *pro bono* counsel is denied without prejudice.

SO ORDERED.

Dated: February 2, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*