UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JERYLAN MARQUEZ-ORTIZ,
                      Plaintiff,

              -v-

UNITED STATES,
                      Defendant.

20-CV-5793 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

    Plaintiff Jerylan Marquez-Ortiz, proceeding *pro se*, brings suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*. The Government moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Marquez-Ortiz's claims as barred by the FTCA's statute of limitations. For the reasons that follow, the Government's motion is denied.

**I.    Background**

    The following facts, drawn from the operative complaint, are presumed true for the purpose of this motion. (*See* Dkt. No. 1 ("Compl.").)

    On April 7, 2019, while Marquez-Ortiz was an inmate at the Metropolitan Corrections Center ("MCC") in New York, a water leak at the facility caused Marquez-Ortiz to slip and fall. (Compl. at 3.) As a result of the fall, Marquez-Ortiz experienced "unbearable pain," including "intense lower back pain." (Compl. at 2.) Although MCC Health Services ordered x-rays for Marquez-Ortiz and prescribed pain medication, the facility showed "little to no interest" in ordering the magnetic resonance imaging ("MRI") scans that Marquez-Ortiz and his doctor requested. (*Id.*)

1

On May 7, 2019, Marquez-Ortiz submitted an administrative claim seeking compensation for the pain the accident caused him. (Compl. at 3.) Marquez-Ortiz's administrative claim was denied on November 6, 2019. (*Id.*) The denial letter informed Marquez-Ortiz: "If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter." (*Id.*)

On April 19, 2020, roughly five months after the denial of his administrative claim, Marquez-Ortiz attempted to file an FTCA claim with the Court. (Compl. at 1.) Marquez-Ortiz's claim was not docketed. Instead, "the courts returned [his] claim via U.S. postal mail . . . with absolutely no response." (*Id.*) Marquez-Ortiz was "clueless as to where [his] case [stood]." (Compl. at 1–2.) On July 13, 2020, Marquez-Ortiz wrote a letter to the Court requesting that his case "be processed in an expedited manner" and that the Court appoint counsel on his behalf. (Compl. at 2.)

On July 21, 2021, roughly eight months after Marquez-Ortiz's administrative claim was denied, Marquez-Ortiz's follow-up letter was docketed and treated as an original complaint. (Compl.) The Government has moved to dismiss Marquez-Ortiz's complaint as untimely. (Dkt. No. 13.)

**II.     Legal Standard**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Wilson v. Merrill Lynch & Co*, Inc., 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678). Additionally, although "[p]ro se status does not . . . excuse a plaintiff from compliance with the pleading standards of

the Federal Rules of Civil Procedure," *Payne v. Oldcastle Precast, Inc.,* No. 10 Civ. 887, 2012 WL 5873595, at *1 (S.D.N.Y. Nov. 19, 2012) (citations omitted) a complaint "filed *pro se* is 'to be liberally construed,' and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. Discussion

The Government argues that this case should be dismissed because Marquez-Ortiz began this action after the expiration of the FTCA's six-month statute of limitations. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing . . . of notice of final denial of the claim"). The Government is correct that Marquez-Ortiz's complaint was docketed two months late. The Government, however, fails to show that the late docketing of Marquez-Ortiz's complaint should preclude relief given the possibility of equitable tolling.

Equitable tolling is a doctrine that pauses the period set forth in a statute of limitations on the basis of fairness. To show he is entitled to equitable tolling, a plaintiff must establish (1) "that extraordinary circumstances prevented him from filing his claim on time" and (2) "that he acted with reasonable diligence throughout the period he seeks to toll." *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)). Whether circumstances are sufficiently extraordinary to justify equitable tolling generally "depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–04 (9th Cir. 2006); *accord Palmer-Williams v. United States*, No. 14 Civ. 9260, 2016 WL 676465, at *4 (S.D.N.Y. Feb. 18, 2016) (resolving an equitable tolling issue only after converting the motion to dismiss into a

motion for summary judgment); *Carelock v. United States*, No. 14 Civ. 3594, 2015 WL 5000816, at *8 (S.D.N.Y. Aug. 20, 2015) (declining to resolve an equitable tolling issue on a motion to dismiss).

The facts of this case meet the first prong of the standard for equitable tolling. Between April and May of 2020, the COVID-19 pandemic caused substantial disruptions to the Court's operations and to the operations of Bureau of Prisons ("BOP") facilities.[1] Marquez-Ortiz and his case were directly affected by these disruptions. Most pertinently, Marquez-Ortiz plausibly alleges that the Court — in a departure from its standard practice when engaging with *pro se* parties — returned the documents that he attempted to file on April 19, 2020, without explanation and absent any indication that the documents were deficient. Marquez-Ortiz was thus placed in the regrettable position of believing, based on the Court's failure to inform him otherwise, that he had filed a case when he in fact had not. *See Diaz v. Kelly*, 515 F.3d 149, 154–55 (2d Cir. 2008) (identifying extraordinary circumstances from a court's failure to provide a *pro se* litigant with notice that his statute of limitations was running); *see also Torres v. Barnhart*, 417 F.3d 276, 282 (2d Cir. 2005) (Jacobs, J., concurring) (explaining that equitable tolling is appropriate "in cases of some administrative malfunction that hinders a claimant's ability to pursue his rights"). Furthermore, even if Marquez-Ortiz had been able to infer that his filing had been misprocessed, COVID-19 lockdowns at BOP facilities would have made seeking more information on the status of his case prohibitively challenging. To be sure, all New Yorkers dealt with the effects of the pandemic. Nevertheless, "the term 'extraordinary' refers

---

[1] Although Marquez-Ortiz's complaint does not explicitly reference COVID-19, the Court may take judicial notice of facts "not subject to reasonable dispute" pursuant to Federal Rule of Evidence 201(b). *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (noting that a court may "take judicial notice of relevant matters of public record").

not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (alteration and citation omitted).

Marquez-Ortiz also meets the second prong of the standard for equitable tolling, as he acted diligently throughout the period he seeks to toll. The Government's argument does not account for Marquez-Ortiz's effort to initiate this action on April 19, 2020. On that date, Marquez-Ortiz mailed what he believed to be his complaint more than two weeks before it was due. Consistent with his belief that he had initiated a timely action, the July 13, 2020 letter docketed as Marquez-Ortiz's complaint strongly suggests that he believed that he had a pending case before the Court. This is enough. The appropriateness of equitable tolling in light of Marquez-Ortiz's efforts is underscored by the gulf of difference between the facts at hand and those in the cases where a plaintiff has been insufficiently diligent. In *Ediagbonya v. United States*, a case cited by the Government, equitable tolling was denied to a plaintiff who had experienced technical difficulties when he tried to file his complaint mere minutes before the filing deadline. No. 18 Civ. 3882, 2020 WL 5659539, at *3 (S.D.N.Y. Sept. 23, 2020). In *Cuello v. United States*, another case the Government cites, the plaintiff made no effort to file his action for nearly year after his administrative claim was denied. No. 11 Civ. 2216, 2013 WL 1338839, at *5 (E.D.N.Y. Mar. 29, 2013). In contrast, Marquez-Ortiz tried to assert his rights well within the statute of limitations and followed up on the status of his case in a matter of months.

The Court acknowledges that "[t]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Sanchez v. United States*, No. 21 Civ. 1147, 2021 WL 2481836, at *1 (S.D.N.Y. June 17, 2021) (quoting *Lombardo v. United States*, 860

F.3d 547, 551 (7th Cir. 2017)). And firm procedural rules, though they may seem unduly harsh in particular cases, are necessary because, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (internal quotation marks and citation omitted). Still, Marquez-Ortiz's unknowingly unsuccessful efforts to file a claim and the disruption wrought by COVID-19 were together so unmanageable, unforeseeable, and unlikely to recur as to render equitable tolling warranted "as a matter of fairness." *Phillips*, 723 F.3d at 150 (quoting *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir. 1996)).

### IV.   Conclusion

For the foregoing reasons, the Government's motion to dismiss is DENIED.

The Government shall file an answer within 21 days after the date of this Opinion and Order.

The Clerk of Court is directed to close the motion at Docket Number 13.

The Clerk of Court is also directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

SO ORDERED.

Dated: August 30, 2021
      New York, New York

_____
J. PAUL OETKEN
United States District Judge