UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JERYLAN MARQUEZ-ORTIZ,

                         Plaintiff,

- against -

UNITED STATES OF AMERICA,

         Defendant.

------------------------------------------------------------------X

20-CV-5793 (JPO) (RWL)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2022

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       The Court renews its request that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of conducting discovery in the above-captioned action.  Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

       The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant.  *Id.*  Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated September 14, 2020, Dkt. 5.) Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under § 1983, alleging injuries related to a slip and fall during his incarceration at a federal facility  The Court finds that Plaintiff's claim is "likely to be of substance."  *Hodge*, 802 F.2d 61-62.  The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application.  Discovery in this matter will consist of responding to initial disclosures, providing HIPAA authorization, and conducting forms of discovery as necessary.  Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination."  *Hodge*, 802 F.2d at 61.  Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of conducting discovery.  In addition, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order.  In particular, pro bono counsel will not be required to respond to a dispositive motion.  In the event that the defendant(s) file(s) a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of discovery.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

**CONCLUSION**

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purposes described above.  The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 6, 2022
      New York, New York

Copies transmitted this date to all counsel of record.  The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff.