UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
JERYLAN MARQUEZ-ORTIZ,
                              Plaintiff,

                -v-

UNITED STATES OF AMERICA,
                              Defendant.
―――――――――――――――――――――――――――――――

20-CV-5793 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Jerylan Marquez-Ortiz brings suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*., for injuries arising from a slip-and-fall accident that occurred while he was an inmate at the Metropolitan Corrections Center ("MCC"). By Opinion and Order dated August 30, 2021, the Court previously denied Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, finding that Plaintiff's FTCA claim was subject to equitable tolling. (ECF No. 28.) Pending now before the Court is Defendant's motion to dismiss for lack of subject-matter jurisdiction. For the reasons that follow, Defendant's motion is granted.

**I.      Background**

The Court assumes familiarity with the facts as stated in its August 30, 2021 Opinion and Order and summarizes only those facts that are relevant to the resolution of the pending motion.

On April 7, 2019, while Plaintiff was an inmate at the MCC, a water leak at the facility caused him to slip and fall. (ECF No. 1 at 2.) Plaintiff was assigned to work as an orderly in Unit 7 North of the MCC from March 8, 2019, through July 22, 2019. (ECF No. 90 ¶ 4.) In his deposition testimony, Plaintiff stated that he was working as an orderly on April 7, 2019. (ECF No. 91-1 at 38:5.) That day, he noticed that water was leaking from pipes near the unit shower

1

and flowing down the stairs. (*Id.* at 36:7-17.) He spoke with the head orderly, a fellow inmate, and inquired as to whether a work order had been placed to address the problem. (*Id.* at 38:15-25, 39:21-24.) The head orderly instructed him to alert a corrections officer, Officer Williams, about the leak. (*Id.*; *id.* at 48:2-5.) While Plaintiff was on his way to speak to Officer Williams, he slipped and fell down the wet stairs.[1] (*Id.*)

Plaintiff's fall caused him "unbearable pain," "intense lower back pain," "the inability to walk," and other injuries. (ECF No. 1 at 2.) He alleges that MCC Health Services officials did not order magnetic resonance imaging ("MRI") scans for him in a timely manner, which further aggravated his injury. (*Id.*)

## II. Legal Standard

A district court must dismiss a claim for lack of subject-matter jurisdiction if it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Motions brought pursuant to Rule 12(h)(3) are subject to the same standards as motions to dismiss for want of subject matter jurisdiction brought pursuant to Rule 12(b)(1)." *Castro v. Feliciano*, No. 16-CV-901, 2018 WL 4265878, at *2 (S.D.N.Y. Sept. 6, 2018) (citations omitted). In resolving motions to dismiss under Rule 12(b)(1), the court must take all uncontroverted facts in the complaint as true and draw all inferences in favor of the party asserting jurisdiction. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "But where jurisdictional facts are placed

---

[1] Plaintiff stated the following during his deposition: "So I was working at the time. I believe I was cleaning something. And then the leak was going on and [the head orderly] was around, too. And then we talked about the leak. Then he was like, oh, remind Officer Williams and let Officer Williams know. So I said, okay, let me let her know, and it was a female, and that's when it happened." (ECF No. 91-1 at 47:22-25, 48:2-5.)

in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *Id.* (citation omitted) (cleaned up). The plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citation omitted); *see also Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 57 (2d Cir. 2016) ("[A] defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the pleading. In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems in the assertion of jurisdiction.") (citation omitted) (cleaned up).

### III. Discussion

The Inmate Accident Compensation Act ("IACA") provides "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The IACA is the exclusive remedy for federal inmates who suffer work-related injuries. *Id.*; 28 C.F.R. § 301.319 (citing *U.S. v. Demko*, 385 U.S. 149 (1966)) ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act."). In *Demko*, the Supreme Court squarely rejected the theory that a prisoner covered by the IACA may also bring suit under the FTCA, reasoning that "there is no indication of any congressional purpose to make the compensation statute in 18 U.S.C. § 4126 non-exclusive." 385 U.S. at 152. In addition to the workplace injury itself, courts in the Second Circuit have found that the IACA serves as the exclusive remedy when an inmate's "work-related injury is further aggravated by negligence or medical malpractice on the part of prison medical personnel." *Giraldo v. United States*, No. 14-CV-5568, 2015 WL 4078751, at *1

3

(E.D.N.Y. July 6, 2015) (quoting *Barrett v. Goldstein*, No. 07CV2483, 2009 WL 1873647, at *4 (E.D.N.Y. June 29, 2009)).

Plaintiff's claims fall squarely within the scope of the IACA.  When Plaintiff slipped and fell, he was engaged in work activity in connection with the maintenance and operation of the MCC—he was working as an orderly.  Any aggravation of his injury due to the failure of MCC officials to order the MRI scan also falls within the scope of the IACA.

Plaintiff's arguments to the contrary are not persuasive.  First, Plaintiff argues that the IACA is not the exclusive remedy for his injuries because the FTCA serves as an "alternative vehicle" for such a tort claim.  (ECF No. 93 at 1.)  That is incorrect.  *See Demko*, 385 U.S. at 152; 28 C.F.R. § 301.319.

Second, Plaintiff argues that Defendant's motion is premature because he was not able to review his deposition testimony for accuracy within the 30-day window afforded by Federal Rule of Civil Procedure 30(e).  (ECF No. 93 at 1.)  Rule 30(e) applies only when the deponent makes a request to review the deposition transcript "before the deposition is completed."  Fed. R. Civ. P. 30(e); *see also In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646, 2013 WL 4505259, at *2 (S.D.N.Y. Aug. 23, 2013) ("As a threshold, Rule 30(e)(1) requires the party or deponent to request review of the deposition before the deposition itself is completed.") (citation omitted).  Plaintiff did not make a timely request here.[2]

Third, Plaintiff argues that he was not working when he went to report the leak to Officer Williams, but instead acting as a "good Samaritan." (ECF No. 93 at 2.)  At minimum, Plaintiff

---

[2] In a letter requesting permission to file a sur-reply, ECF No. 96, Plaintiff's counsel states that he "remembers that review of the deposition transcript was requested but perhaps it was inaudible or not transcribed or talked over."  Plaintiff's counsel offers no credible basis for this assertion, and it is contradicted by available records from the court reporter responsible for the deposition transcript.  *See* ECF No. 95-1.

4

contends that the question whether he was working is a factual one requiring further discovery. (*Id.*) Because this is a jurisdictional fact, Plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. Because he has presented no countervailing evidence in response to his own deposition testimony, in which he stated that he was working at the time of his injury, he has failed to carry his burden. To this point, Plaintiff alleges that Defendant has engaged in spoliation by failing to produce a video of the slip-and-fall incident. In an order dated September 26, 2022, Magistrate Judge Lehrburger determined that Plaintiff did not have a good faith basis for proceeding with a spoliation motion, both because it is unclear whether a video of the incident ever existed and because Plaintiff had not shown a basis to establish the required elements to prove spoliation. (ECF No. 77.) The Court affirmed Judge Lehrburger's order. (ECF No. 82.) Plaintiff has alleged no additional basis for his spoliation claim.

To the extent that Plaintiff contends that his injury was not work-related because going to inform the corrections officer about the leak was not one of his specific job duties, his argument still fails. A "work-related injury" under the IACA is one "proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102; *see Giraldo v. United States*, No. 14-CV-5568, 2015 WL 4078751, at *2 (E.D.N.Y. July 6, 2015). Courts have interpreted this definition broadly, to include injuries sustained during work activity and incidental to work activity. *See, e.g.*, *Giraldo*, 2015 WL 4078751, at *2 (finding that the IACA applied where inmate suffered injury during a scheduled break while working); *Dunn v. U.S. Fed. Bureau of Prisons*, No. 03–CV–1928, 2006 WL 695805, at *3–4 (D. Conn. Mar. 20, 2006) (injuries were "work-related" under the IACA when sustained while inmate was leaving her work area to attend a medical appointment.) Because Plaintiff was instructed by the head orderly

to report the leak during his work shift, the accident was proximately caused by the actual performance of his work assignment, or at a minimum was incidental to the performance of his work assignment.  On either theory, the IACA applies.

Finally, Plaintiff's arguments relating to the Sixth Amendment Confrontation Clause and the hearsay rule fail.  The Confrontation Clause does not apply in civil cases; the hearsay rule is irrelevant to the disposition of the pending motion.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(h)(3) is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 88 and to close this case.

SO ORDERED.

Dated: May 18, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge