UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JERYLAN MARQUEZ-ORTIZ,

                         Plaintiff,

      -v-

UNITED STATES OF AMERICA,

                         Defendant.

20-CV-5793 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    On May 18, 2023, the Court dismissed Plaintiff Jerylan Marquez-Ortiz's claims against the United States under the Federal Tort Claims Act for lack of subject-matter jurisdiction under Rule 12(h)(3). (ECF No. 100.) Pending now is Marquez-Ortiz's motion for reconsideration of the Court's opinion and order. (ECF No. 101.)

    "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013) (citation omitted); *see also Cioce v. Cnty. of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

1

Plaintiff fails to sustain his burden in seeking reconsideration. "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Here, Plaintiff offers three arguments in support of reconsideration—all of which the Court has already considered and rejected. First, the Court has already rejected Plaintiff's argument that he should be able to cross-examine himself pursuant to the Confrontation Clause of the Sixth Amendment because the Confrontation Clause does not apply in civil cases. (ECF No. 100 at 6). Second, Plaintiff has already made the argument that his prior deposition testimony is inadmissible hearsay (ECF No. 93 at 2-3, ECF No. 96), and the Court concluded in its opinion that the hearsay rule is irrelevant to the disposition of Defendant's motion to dismiss (ECF No. 100 at 6). Third, the Court has already addressed Plaintiff's spoliation argument, concluding that Plaintiff has shown no basis to establish the required elements to prove spoliation. (*Id*. at 5). Plaintiff's motion for reconsideration demonstrates no additional basis for his spoliation claim.

Having reviewed the record and the parties' submissions, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record. Plaintiff's motion to reconsider is therefore DENIED.

SO ORDERED.

Dated: December 1, 2023
      New York, New York

_____
J. PAUL OETKEN
United States District Judge